IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark A. Dottore, Rec'r, et al.,                                    Case No. 3:06CV1942

       Plaintiff

v.                                                                                    ORDER

National Staffing Services, Inc., et al.,

       Defendant

      This is a suit by a state court receiver against a business [the debtor] which has filed for protection under the federal Bankruptcy Code. The debtor removed this case from the Common Pleas Court of Lucas County, Ohio, in which it originally was filed.

      Pending are motions by: 1) a bank-creditor [bank] of the debtor to remand this case to the state court; and 2) the trustee for partial dismissal, seeking a ruling that the bank does not have a perfected security interest in the bankrupt's accounts receivable.

      For the reasons that follow, the motion to remand shall be denied, and the motion for partial dismissal shall be granted.

### Discussion

### 1. Remand

      The bank claims that procedural defects on the part of the debtor – namely, failure, before filing the notice of removal, to obtain prior relief from the stay order entered automatically when the debtor filed its bankruptcy petition and failure to attach all state court pleadings to the removal notice – invalidate the removal and deprive this court of jurisdiction.

The second, and least significant of these defects – failure to attach all pleadings to the notice of removal – has, according to the debtor's brief in opposition to remand, been cured. The bank not having indicated anything to the contrary, that objection to removal on its part will be overruled.

While it is unfortunate, from the standpoint of procedural tidiness and judicial economy, that an application to lift the stay order was not filed before service of the notice of removal, I agree with the debtor that its failure to do so has not created a fatal jurisdictional impediment to keeping the case here. The Sixth Circuit has noted that defective removal "is a procedural rather than a jurisdictional defect," so that "remand to the state court is not . . . required." *Grudzinski v. Staren*, 87 Fed.Appx. 508, 512, 2004 WL 103014, *4 (6th Cir.) (Unpublished disposition) (cting *Graham v. Tenn. Secondary Sch. Athletic Ass'n*, 1997 WL 76958, *3 (6th) (Unpublished disposition)); *see also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("Ordinarily, the existence of subject matter jurisdiction at time of judgment cures any defects in removal procedure."); *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 844 (D.Md. 2001) ("if complete diversity exists, removal by a resident defendant is procedural defect that does not deprive the federal court of subject matter jurisdiction.").

The bank does not claim that this case could not be here [in which case it would be raising a non-waiveable jurisdictional defect]; it argues, rather, that this case should not be here due to a procedural mis-step coming out of state court. There was nothing inherently prejudicial in that mis-step; were I to grant the remand motion, the debtor could, and no doubt would, seek leave to have the stay lifted. There can likewise no doubt that the Bankruptcy Court would grant that motion, so that the case, in time, inevitably would come back here. Time would be lost, money would be spent, and nothing would be gained.

I agree, in any event, that the bank waived any objection to any procedural defects in removal when asked by Judge Zouhary, as, according to the debtor, it was, whether any party had any objection to removal. Voicing none then, the bank should not be heard to voice any now: its silence waived any objections, and there is no reason to undo that waiver.

The motion to remand shall, therefore, be denied.

## 2. Dismissal

The bank claims to have a perfected security interest in the debtor's receivables. The debtor asserts that the financing statement on file with the Ohio Secretary of State show that the bank does not have a preferred status.

I agree with the debtor. The first financing statement specifically excludes receivables. [Doc. 24, Exh. 1]. The second statement, filed concurrently with the first, references only receivables, and the first portion of that document is inartfully marked with slanted lines. [*Id*l, Exh 2.]. Those lines, the debtor asserts, indicate redaction of the language covered by them. The bank contends that the origin and meaning of the lines cannot be ascertained, and thus dismissal is not warranted.

Reading the two simultaneously filed financing statements together [which, in my view, is the only sensible way in which they can be read], I find that they manifest an unmistakable intent to exclude accounts receivable from the coverage of the security agreement.

Indeed, there is nothing in the documents expressly to the contrary. Obliterated as the second financing statement is, it could not inform the attentive reader, were it standing alone, of the affirmative fact of a security interest. At most, it might cause the reader to wonder whether a security interest existed, or whether, as the bank asserts, the marks were inadvertent and possibly without

meaning. Such ambiguity is not the same, however, as notice. It might require some inquiry; but that's not the issue here.

When the reader, as an attentive reader would, looked further and found the companion statement with its clear exclusion, he or she could only conclude that the documents did not, either singly or in combination, record the existence of a security interest in the debtor's receivables.

The motion for partial dismissal shall be granted.

## Conclusion

For the forgoing reasons, it is

ORDERED THAT:

1. Motion to remand overruled; and

2. Motion for partial dismissal granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
